

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-2-1995

# In Re: Keith Zettlemoyer

Precedential or Non-Precedential:

Docket 95-9000

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"In Re: Keith Zettlemoyer" (1995). *1995 Decisions.* Paper 117.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/117

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 95-9000


IN RE: KEITH ZETTLEMOYER

ALDONA DeVETSCO; THOMAS SCHMIDT;
and KEITH ZETTLEMOYER,
                    Petitioners/Appellants
            v.

MARTIN HORN, Commissioner, Pennsylvania
Department of Corrections; and JOSEPH P.
MAZURKIEWICZ, Superintendent of the State
Correctional Institution at Rockview


On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 95-cv-00660)


Argued May 1, 1995

Before:  SLOVITER, Chief Judge,
GREENBERG and NYGAARD, Circuit Judges


ORDER AMENDING OPINION OF THE COURT


It is ordered that Footnote 2 in the above opinion,
filed on May 1, 1995, is amended by adding thereto the following:

Chief Judge Sloviter notes:  I dissented from this
court's affirmance of the dismissal of the previous
petition for habeas corpus because, inter alia, I would
have required the district court to hold an evidentiary
hearing on Mr. Zettlemoyer's claim of ineffective

assistance of counsel at sentencing.  I took the position that as a result of the "plainly unenthusiastic case made on behalf of Mr. Zettlemoyer's life," we had no evidence from any "clergyman, former employer, teacher, neighbor, or friend who was willing to come forward to show that despite his crime, Zettlemoyer's life is still worth preserving."  923 F.2d at 315.  That issue is no longer before us but I feel compelled to add that after reading Mr. Zettlemoyer's testimony given in the district court on April 29, 1995 in the proceeding before us and the letter of March 28, 1995 that he wrote to counsel for the State Department of Corrections, I retain my belief that in other counsel's hands, such as those who have sought to pursue this petition for habeas corpus, the sentence may very well have been different.

By the Court,


 /s/ Dolores K. Sloviter
Chief Judge


Dated:  May 2, 1995